**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Daryl Snow, a/k/a Darrell Thaddeus Snow, a/k/a Daryl T. Snow, Appellant.

Appellate Case No. 2015-000280

Appeal From Georgetown County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2017-UP-009
Submitted December 1, 2016 – Filed January 11, 2017

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Welch v. Epstein*, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct. App. 2000) ("When reviewing the denial of a motion for directed verdict or JNOV, this [c]ourt must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *In re Taft*, 413 S.C. 16, 21, 774 S.E.2d 462, 465 (2015) ("On appeal from the

denial of a . . . directed verdict motion, the appellate court may only reverse the trial court if there is no evidence to support the trial court's ruling."); *Welch*, 342 S.C. at 300, 536 S.E.2d at 419 ("A motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict."); S.C. Code Ann. § 44-48-100(A) (Supp. 2016) ("The court or jury must determine whether, beyond a reasonable doubt, the person is a sexually violent predator."); S.C. Code Ann. § 44-48-30(1) (Supp. 2016) ("'Sexually violent predator' means a person who: (a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."); *White v. State*, 375 S.C. 1, 8, 649 S.E.2d 172, 176 (Ct. App. 2007) ("When a statute's terms are clear and unambiguous on their face, there is no room for statutory construction, and a court must apply the statute according to its literal meaning.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.